**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:26-cv-00546-MOC**

| | | |
|---|---|---|
| RYSUON SHABARQUIS NORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| UNITED STATES MARSHALS, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1], and Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2].

## I.     BACKGROUND

On March 19, 2025, Petitioner Rysuon Shabarquis Norris was charged in a Bill of Indictment with one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g) (Count One).  [Criminal Case No. 3:25-cr-00068-MOC ("CR"), Doc. 1: Bill of Indictment]. An arrest warrant issued the same day.  [CR Doc. 2].  On May 28, 2025, then United States Magistrate Judge Susan C. Rodriguez ordered that Petitioner be transported to this Court from the Mecklenburg County Detention Center (the "Jail"), where he was detained on related charges, for his initial appearance.  [CR Doc. 5]. On June 30, 2025, Magistrate Judge Rodriguez conducted Petitioner's initial appearance and arraignment.  Petitioner entered a plea of not guilty. [CR 6/30/2025 Minute Entry]. The Magistrate Judge ordered Petitioner detained. [CR Doc. 7]. Petitioner then filed four unopposed motions to continue his trial date, all of which were granted. [CR Docs. 9, 10, 13-18].

Then, on February 13, 2026, Petitioner moved to suppress evidence seized from an allegedly illegal search, including the subject firearm. [CR Doc. 19]. While that motion was pending, Petitioner sought and was granted three more continuances. [CR Docs. 20-21, 24-27]. On May 13, 2026, the Court denied Petitioner's motion to suppress. [CR Doc. 29]. On June 22, 2026, Petitioner moved again to continue the trial date. [CR Doc. 30]. As grounds, Petitioner stated that, after the Court denied Petitioner's motion to suppress, the Government sent a proposed plea agreement and counsel needed additional time to consult with Petitioner due to preexisting obligations and Petitioner's location in Georgia. [CR Doc. 30]. The Court granted Petitioner's motion and continued the matter to the September 8, 2026 trial term, where it remains pending. [CR Doc. 31].

On July 6, 2026, Petitioner filed the pending § 2241 petition. [Doc. 1]. As grounds for relief, Petitioner contends: (1) that his counsel was ineffective for filing an improper motion to suppress; (2) that his rights under The Speedy Trial Act, 18 U.S.C. § 3161(c)(1) (the "Act"), have been violated because he was not tried within 70 days of his arrest; (3) that his due process rights were violated by collusion between state and federal agents to violate the prompt appearance rule and the Act; and (4) that he was denied due process because the Indictment is "duplicitous." [Id. at 6-7].

Petitioner argues that his rights under Act, the Fourteenth Amendment's Due Process Clause, and the Sixth Amendment have been violated. [See Doc. 1 at 6-7]. For relief, he seeks an evidentiary hearing, dismissal of the federal charge, and immediate release. [Id. at 7].

Based on the information provided by Petitioner, the Court is satisfied that Petitioner is without currently available funds to pay the filing fee in this matter. [See Doc. 2]. The Court, therefore, will grant Petitioner's motion to proceed in forma pauperis for the purpose of this

review.

## II.      STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

The "essence of habeas corpus" is "an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973).  In other words, the function of a habeas petition is to challenge "the very fact or duration of [the petitioner's] physical imprisonment, and the relief that [the petitioner] seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment…." Id. at 500, 93 S.Ct. 1827.

A federal pretrial detainee may file a habeas corpus petition pursuant to 28 U.S.C. § 2241 in certain situations to test the legality of his detention.  See United v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995).  Typically, to be eligible for such relief, a federal pretrial detainee must first exhaust other available remedies.  See e.g., United States v. Addonizio, 442 U.S. 178, 184 n. 10 (1979) (noting that "the writ of habeas corpus should not do service for an appeal").

Claims typically addressed under § 2241 include challenges to the execution of a federal sentence, matters of parole and prison discipline, and challenges to extradition. See, e.g., Nezirovic v. Holt, 779 F.3d 233 (4th Cir. 2015) (a person subject to a certification of extraditability may file a petition pursuant to § 2241); Zhenli Ye Gon v. Holt, 774 F.3d 207, 210-211 (4th Cir. 2014) (a

fugitive's only avenue to challenge an extradition decision is to file a § 2241 petition), cert. denied, 135 U.S. 2859 (2015); Wallace v. Fed. BOP, 604 Fed. App'x. 329 (4th Cir. 2015) (challenging parole decision through § 2241 petition); Johnson v. Warden, FCI Williamsburg, Case No. 1:13-3347-JFA-SVH, 2014 WL 4825926 (D.S.C. Sept. 24, 2014) (federal prisoner challenged disciplinary hearing decision and complained of loss of statutory good time credits through § 2241 petition), aff'd by 597 Fed. App'x. 161 (4th Cir. Mar. 12, 2015), cert. denied, 136 S.Ct. 556 (2015).

Petitioner purports to assert claims of ineffective assistance of counsel, violation of the Act generally and through collusion, and based on a "duplicitous" Indictment. Section 2241 is not the proper vehicle for Petitioner's claims and affords Petitioner no relief here. That is, relief for violations of the Act or based on a defective indictment must be timely sought directly in Petitioner's federal criminal proceedings and, if unsuccessful, on appeal.[1] See United States v. Mosteller, 741 F.3d 503, 507 (4th Cir. 2014) ("[P]lain error review is not available for consideration of Speedy Trial Act claims that were not timely asserted in the district court."). Furthermore, Petitioner may later seek relief based on alleged ineffective assistance of counsel on direct appeal or under 28 U.S.C. § 2255, as appropriate. Finally, Petitioner has failed to exhaust available alternative remedies, that is, relief in his criminal proceedings and any available appeals before seeking habeas relief, which he may not do.

For the foregoing reasons, the Court will dismiss Petitioner's petition without prejudice to Petitioner seeking the proper relief according to the guidance above, if at all.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's petition is denied and dismissed without

---

[1] The Court notes that any delays in Petitioner's criminal proceedings were excusable under § 3161(h) and do not count toward Petitioner's speedy trial clock and that there is nothing "duplicitous" about the Indictment, in any event.

4

prejudice in accordance with the terms of this Order.

**<u>ORDER</u>**

**IT IS THEREFORE ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: July 30, 2026

Max O. Cogburn Jr
United States District Judge

5